IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN LEROY SPENCER,

    Petitioner,                    No. CIV S-05-2456 GEB EFB P

    vs.

ROY CASTRO, Warden, et al.,

    Respondents.              <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Pursuant to the 2001 judgment rendered by a judge of the Sacramento County Superior Court, petitioner is serving a term of life in prison with the possibility of parole for his conviction of attempted murder, ignition of an explosive device with intent to commit murder and arson. Currently pending before the court are petitioner's October 26 and November 21, 2007, motions for an order appointing counsel, permitting him to conduct discovery, for an evidentiary hearing and to expand the record.[1] For the reasons explained below, the motions are denied.

////

---

[1] The motions are identical except that in the October 26 motion, petitioner seeks expansion of the record. He does not make this request in the November 21 motion.

1

## I. Request for counsel

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appointment counsel at any stage of the proceedings "if the interests of justice so require," including in the event the petitioner is permitted to engage in discovery or is granted an evidentiary hearing. *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. Here, as explained below, there are no grounds for permitting discovery. Neither does the court find, at this stage of the proceedings, that an evidentiary hearing is warranted. Accordingly, the court does not find that the interests of justice would be served by the appointment of counsel at this stage

## II. Request for Leave to Conduct Discovery

Petitioner requests leave to conduct discovery. He seeks an order directing trial counsel to turn over the file compiled in the course of defending petitioner in the underlying criminal case. In limited circumstances, discovery is permitted in habeas actions. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). When discovery is permitted, the parties may use the methods detailed in the Federal Rules of Civil Procedure. Rule 6(a), Rules Governing § 2254 Cases. Here, petitioner need not utilize those methods in order to obtain what he seeks. Subject to limited exceptions, the rules of professional responsibility require that the file compiled over the course of representation must be relinquished to the client promptly at the conclusion of the representation and on the client's request. Cal. Rules of Prof. Conduct, Rule 3-700(D)(1). The process for obtaining his file is not a matter of whether he is entitled to discovery in this federal habeas action. He clearly is entitled to his file. He simply needs to make a request for it. Petitioner does not assert that he has requested the file or that his trial counsel has ignored or denied the request. Accordingly, petitioner's motion in this regard must be denied without prejudice to making a new motion in which he makes the required showing.

////

////

### III. Motion for an Evidentiary Hearing

When a federal court does not summarily dismiss a petition for a writ of habeas corpus filed under § 2254, the judge "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing Section 2254 Cases. The purpose of such a hearing is to resolve disputed factual issues. *Townsend v. Sain*, 372 U.S. 293, 309 (1963), overruled in part by *Keeny v. Tamayo-Reyes*, 504 U.S. 1, 5, 11 (1993). Unless a petitioner has failed to develop the factual basis of his claims in state court, the federal courts must hold an evidentiary hearing where it appears that the allegations, if proved, would entitle the petitioner to relief and the state court has not reliably found the relevant facts. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005); *Earp v. Stokes*, 423 F.3d 1024, 1031 (9th Cir. 2005).

In the petition filed December 5, 2005, petitioner alleges 10 grounds for relief. In the instant motion, petitioner asserts that there are disputed factual issues on his claim that his trial attorney was ineffective in the following ways: (1) failing to move to suppress evidence seized from petitioner's apartment; (2) failing to call an arson expert; (3) failing to call fingerprint experts; and, (4) failure to call certain (unidentified) witnesses. The court, however, has not yet reviewed petitioner's claims in detail, and cannot determine whether an evidentiary hearing is necessary until it conducts such a review. Following a detailed review of the pleadings, transcripts and other materials submitted in this action, the court *sua sponte* will order an evidentiary hearing if it appears one is necessary.

### IV. Motion to Expand the Record

In his October 3, 2007, motion, petitioner requests an order permitting him to expand the record to include "any testimony, information, and materials resulting from his factual development motions." Pet'r Mot., at 8. A court entertaining a federal habeas petition "may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), Rules Governing Section 2254 Cases. The types of materials that may be submitted

include, but are not limited to, "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," and affidavits. Rule 7(b); Advisory Committee Notes, 1976 Adoption, Subdivision (b).  If the court directs record expansion, then "the party against whom the additional materials are offered" must have an opportunity to admit or deny their correctness.  Rule 7(c).  An important purpose of habeas Rule 7 is to enable a judge to rule on a petition without expending the time and resources that an evidentiary hearing requires.  Advisory Committee Notes, 1976 Adoption.  However, "[a]n expanded record may also be helpful when an evidentiary hearing is ordered." *Id.*  Because of the nature and purpose of Rule 7, a party seeking to expand the record must demonstrate entitlement to an evidentiary hearing under the federal habeas statute.  *Holland v. Jackson*, 542 U.S. 649, 653 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).  As noted, the court must consider the record in detail in order to determine whether an evidentiary hearing is warranted.  Since the standard for granting an evidentiary hearing and for expanding the record are essentially the same, the court must also consider the record in detail before ordering record expansion.  Accordingly, the motion to expand the record will be denied without prejudice to the court *sua sponte* ordering such expansion it if appears necessary.

Accordingly, it is ORDERED that:

1. Petitioner's October 3 and November 21, motions for the appointment of counsel are denied;

2. Petitioner's motions for an order directing his trial attorney to relinquish the trial file are denied without prejudice;

3.  Petitioner's motions for an evidentiary hearing are denied without prejudice; and,

4. Petitioner's October 3, 2007, motion to expand the record is denied without prejudice.

Dated: September 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4