IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN LEROY SPENCER,

    Petitioner,                     No. CIV S-05-2456 GEB EFB P

    vs.

ROY CASTRO, Warden, et al.,

    Respondents.              <u>ORDER</u>

                               /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He has filed a request for leave to conduct discovery.

       Petitioner requests leave to conduct DNA testing on certain evidence. He also requests leave to serve on respondents a request to produce documents showing the chain of custody for this evidence. He wants DNA testing performed on parts of a shredded dishtowel, one of which was found at his home and the other inside a molotov cocktail found at the victim's residence.[2]

---

[1] Petitioner is serving two terms of life in prison with the possibility of parole for his convictions of attempted murder, ignition of an explosive device with intent to commit murder and arson. He alleges that his trial attorney was ineffective in a variety of ways. Dckt. No. 1.

[2] It seems that petitioner used a dishtowel to construct the explosive device, i.e., "molotov cocktail," that he tossed through the victim's bedroom window. Dckt. No. 76, Ex. B at 2.

1

He also wants information about how law enforcement officers collected and stored the dishtowel remnant that was collected from his home. Pet.'s Mot., at 1; *see also* Mot., Ex. B.

Upon a showing of "good cause," a party to a habeas action may conduct discovery. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Good cause" exists when the "'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (federal court entertaining habeas petition may authorize the use of discovery procedures that are fashioned so as to elicit facts necessary to help the court resolve the parties' disputes). Here, petitioner seems to claim that comparing the results of testing on both scraps will prove his innocence.[3] Mot., at 1-2. However, these remnants were destroyed on August 13, 2003, "based on normal court procedure whereby counsel were first notified, and then according to a subsequent court order, the property was destroyed." *Id.*, Ex. B, at 3. Thus, the evidence is no longer available for testing and it would be futile to order testing on items which no longer exist.[4] Accordingly, the motion is denied.

As the further testing of the evidence petitioner seeks cannot be had, discovery is of no benefit. Moreover, he already has evidence to prove his assertion of contamination or degradation. Therefore, petitioner has failed to show good cause for conducting discovery.

////

////

---

[3] Other evidence against him included fingerprints found on a lightbulb in the victim's garage and plastic bags from petitioner's residence that had the scent of gasoline. Mot., Ex. B, at 2.

[4] Even if the remnants were available, petitioner has submitted a report explaining that any DNA testing likely would yield no useful results. Any DNA on the part recovered from the molotov cocktail would have been destroyed by the accellerant, and any DNA on the scrap would like have been degraded during the collection process or contaminated during storage. Mot., Ex. B, at 2-3. Thus, they would have been useless for purposes of DNA comparison.

Accordingly, it is ORDERED that petitioner's June 26, 2009 motion for leave to conduct discovery is denied.[5]

Dated: November 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] An attorney appointed to assist petitioner with determining whether a motion to conduct DNA testing should be filed in state court submitted a written explanation to a judge of the Sacramento County Superior Court explaining why such a motion would be futile. Mot. Ex. B.

3