IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN LEROY SPENCER,

    Petitioner,                    No. 2: 05-cv-2456 GEB KJN P

    vs.

ROY CASTRO, et al.,

    Respondents.               ORDER

_____/

        On August 9, 2010, the undersigned recommended that petitioner's application for a writ of habeas corpus be denied. On September 22, 2010, petitioner filed objections to the findings and recommendations stating that he could not prepare objections because he was missing relevant legal property. On September 22, 2010, petitioner also filed a motion requesting that prison officials provide him with boxes # 3 and # 6 of his legal property that were removed from his cell on February 11, 2010.

        On September 28, 2010, respondent was ordered to respond to petitioner's claim that he was being denied access to his legal property. On October 4, 2010, respondent informed that court that petitioner was not allowed to have his legal property in his cell because he was a program failure. Respondent informed the court that prison officials were unable to provide petitioner with his legal property because he refused to identify which particular documents from

1  his legal property he required access to in order to prepare his objections.

2  On October 6, 2010, the undersigned ordered prison officials to provide petitioner with access to boxes # 3 and # 6 of his legal property within fourteen days.  If respondent could not identify these boxes, petitioner was to provide respondent with more specific information regarding what legal property he required to prepare his objections.  Petitioner was granted forty-five days to file his objections.

On October 25, 2010, petitioner filed a "notice" stating that he was being denied access to his legal property.  (Dkt. No. 108.)  This pleading was signed by petitioner on October 8, 2010.  On October 25, 2010, petitioner filed a motion stating that he was in danger and still being denied access to his legal property.  (Dkt. No. 109.)  In this pleading, signed by petitioner on October 20, 2010, petitioner now states that he requires access to all seven of his boxes of legal property in order to prepare his objections.

Petitioner's safety concerns raised in his October 25, 2010 motion cannot be addressed in this habeas action.  Petitioner may file a civil rights action addressing his concerns regarding his conditions of confinement.  Regarding his claim regarding inadequate access to legal property, the undersigned observes that petitioner does not claim that he is being denied access to boxes # 3 and # 6, as ordered by this court on October 6, 2010.  To the extent petitioner requires access to documents not contained in these boxes, he shall inform prison officials what documents he requires from the other boxes.   Prison officials will then provide petitioner with these documents.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for access to the court (Dkt. No. 109) is denied;

////

////

////

////

2. Petitioner's objections to the August 9, 2010 findings and recommendations are due within forty-five days of the date of this order. No further requests for extension of time will be granted.

DATED: November 2, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sp2456.acc